DA 12-0291

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 315N

GORDON SEES THE GROUND, JR.,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:     District Court of the Thirteenth Judicial District,
                   In and For the County of Yellowstone, Cause No. DV 12-0444
                   Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Gordon Sees The Ground, Jr. (self-represented), Shelby, Montana

        For Appellee:

            Steve Bullock, Montana Attorney General; Mark Mattioli, Assistant Attorney
            General, Helena, Montana

            Scott Twito, Yellowstone County Attorney, Billings, Montana

                          Submitted on Briefs:  December 4, 2012
                                     Decided:   December 27, 2012

Filed:

               _____
                             Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Gordon Sees The Ground, Jr., ("Gordon") appeals from the District Court's Order dated April 13, 2012, denying his petition for post-conviction relief.  We affirm.

¶3      Gordon's most recent motion for post-conviction relief stems from his February 18, 2010, conviction for perjury.  Gordon's conviction for perjury itself stems from his earlier conviction for Felony DUI and Driving with a Suspended or Revoked License ("DWS") on December 12, 2008, a decision which we affirmed in *State v. Sees The Ground*, 2009 MT 375N, 2009 Mont. LEXIS 520.  In that case, Billings police officers found Gordon asleep behind the wheel of a car with the key in the ignition in the "on" position and beer cans on the floor.  Contrary to this physical evidence, Gordon testified at trial that Orrie Plainbull ("Orrie") had been the driver of the car, asserting that they had been riding around together from approximately 9:00 a.m. until shortly before Gordon was found asleep at 3:30 p.m. Despite this testimony, Gordon was convicted of DUI and DWS on December 12, 2008. The State subsequently charged Gordon with perjury based on his testimony that Orrie had been the driver of the car.

¶4      At Gordon's trial for perjury, Michael Domke testified that he had called 911 at approximately 1:30 p.m. on February 1, 2008, after seeing a man fall and hit his head after exiting a vehicle.  The injured man was apparently Orrie, and staff from the Billings Medical

2

Clinic testified that Orrie received treatment from around 1:30 p.m. until roughly 4:30 p.m. on the day of Gordon's arrest. This testimony contradicted Gordon's prior claim that Orrie had been driving the car shortly before Gordon was found. Gordon was subsequently convicted of perjury on February 18, 2010, and was sentenced on May 11, 2010, to ten years in state prison. Gordon appealed his conviction, but the appeal was later withdrawn.

¶5 Gordon thereafter filed a Motion for Post-Conviction Relief on March 21, 2012. Section 46-21-102(1), MCA, requires that a petition for post-conviction relief must be filed within one year of the date that the conviction became final. For the purposes of § 46-21-102(1), MCA, a conviction becomes final when the time for appeal to this Court expires, or if an appeal to this Court was taken, when the time for petitioning the United States Supreme Court for review expires, or the date that the U.S. Supreme Court issues its final order in the case. The District Court determined that Gordon's petition was time barred, and we agree.

¶6 While Gordon's March 21, 2012, petition for post-conviction relief was presumably aimed at his February 18, 2010, conviction for perjury, the grounds for relief Gordon asserted in the petition dealt entirely with his December 12, 2008, conviction for DUI and DWS. Specifically, the petition alleges that Gordon's DUI/DWS trial counsel provided ineffective assistance by suborning his own perjury while further claiming that a newly discovered witness could establish that Orrie was the driver of the vehicle immediately prior to Gordon's arrest. Gordon claims he discovered the new evidence in May of 2010, but § 46-21-102(2), MCA, states that newly discovered evidence may only be raised within one year of either the date on which the conviction became final or the date on which the petitioner discovered the evidence. Similarly, Gordon's claim concerning his DUI trial

3

counsel references a conviction that became final on February 3, 2011. The allegations in Gordon's petition most clearly reference his DUI conviction, and that conviction, and the newly discovered evidence Gordon claims relates to it, occurred more than one year before the date the petition was filed. Therefore, the District Court properly denied Gordon's petition pursuant to § 46-21-102, MCA.

¶7 The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted.

¶8 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS
/S/ BETH BAKER